## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

|  |  |
|---|---|
| GARY JAMES, | CIVIL NO. 11-3372 (PJS/TNL) |
| Petitioner, | |
| v. | REPORT<br>&<br>RECOMMENDATION |
| WARDEN MARK THIELEN, | |
| Respondent. | |

Gary James, OID Number 161294, MCF – Faribault, 1101 Linden Lane, Faribault, MN 55021, pro se Petitioner

Linda Kay Jenny, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, MN 55487, for Respondent.

## I.   INTRODUCTION

This matter is before the Court, Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1). The action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b).

After commencing this action, Petitioner also filed Motion for Preliminary Injunction (Docket No. 9), Motion for Leave to File Amended Complaint (Docket No. 10), Motion to Appoint Counsel (Docket No. 11), and Motion Request for 30 Day

Extension (Docket No. 25). All of these motions will be addressed by this Report and Recommendation.

For the reasons stated below, this Court **RECOMMENDS** as follows: the Petition for Writ of Habeas Corpus (Docket No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE**; Petitioner's Motion for Preliminary Injunction (Docket No. 9) be **DENIED**; Motion for Leave to File Amended Complaint (Docket No. 10) be **DENIED**; Motion to Appoint Counsel (Docket No. 11) be **DENIED**; and Motion Request for 30 Day Extension (Docket No. 25) be **DENIED AS MOOT**.

## II.     BACKGROUND

### A.     Issues before the Court

Petitioner Gary James is an inmate confined at the Minnesota Correctional Facility in Faribault, Minnesota.  On January 26, 2009, Petitioner was found convicted on the charge criminal sexual conduct in the second degree, in violation of Minn. Stat. § 609.343, subd. 1(a).  *See* Register of Actions (Docket No. 20).  On February 23, 2009, Petitioner was sentenced to a prison term of 70 months. *Id.*

[Continued on next page.]

Petitioner asserts five grounds for relief in this habeas corpus proceeding. They are quoted[1] as follows:

### Ground 1:

Requested Evidence of Alleged victim Father's statement Feared child (son) was sodomized. Via U.S. mail Letter dated 3-31-09 Refused disclosure of material Attached Letter dated 4.15.2009 Law Firm Daniels/Wymore

2. Fail to disclose second party Involvement who Telephoned & Requested That interview be stopped D.V.D. Tape inner into Evidences by Courts.

### Ground 2:

Denial of Effective Assistance of Trial Counselor

Counselor Fail To inform THE Courts in A Tim[e]ly manner THAT I was under 3 different physicians CARE Before THE Alledge[d] incident
—attached articles— Counselor Fail/Refused to call Minneapolis Sex Crime Unit Investigator's who Interviewed & Referred Allege

### Ground 3:

No-Adverse-Inference Instruction Denial

Defense Counsel Mr. Cotter Requested that the district court give the instruction, district court failed to make record of my clear consent on record to giving of the no-adverse inference instruction.  Allege victim's testimony was inconsistent.

[Continued on next page.]

---

[1] This Court has attempted to present Petitioner's arguments exactly as they are written, including spelling, punctuation, capitalization, and formatting. This Court has used brackets in Ground 2 and Ground 4.

**Ground 4:**

Confrontation clause, right to confront investigators

The Criminal Complaint & a D.V.D. Tape was Excepted
into Evidence by Trial Court Judge During the Corner-
House Interview of Alleged victim a second party
CALLED on the phone & REQUEST that Anne Lukas Miller
Forensic Interviewer stop Interviewing Alleg[ed] victim.
On T-220-221 Lukas Miller speaks about the intake
process. The PROFESSIONAL who REFERRED children to CornerHouse
CALLS & speaks with intake specialist. I have[n't] had the Right
To interview or CROSS-EXAMINE who FERFFERED THE Alle[ged]
Victim.

Pet. at ¶ 12, Nov. 16, 2011 (Docket No. 1). In addition to the specifically enumerated

grounds for relief quoted above, Petitioner seems to assert  a fifth ground, which is listed

as an "Ineffective Assistance of Appeallet (sic) Counselor" claim that is premised on the

Court's Fail to deliver[] all Transcripts, denied [Petitioner's] Right to File
For NEW TRIAL Tim[e]ly manner Denied Rule 20 Evidence of
mental History is admissible and should've been placed in [Petitioner's]
[Appellate]brief. Denied Evidences From CornerHouse.

 Pet. at ¶ 13.

In addition to his Petition, Petitioner filed the following documents: Appendix to

the Petition (Docket No. 2), Letter to Magistrate Judge (Docket No. 12), Appendix to

Letter (Docket No. 13), Notice (Docket No. 26), "Petitioner Traverse Answer to

Respondent State Petition for dismissal Habeas Corpus Writ" (Docket No. 27), "Notice

of Evidence/s Authentic Documentation Attached Document . . . ." (Docket No. 28),

Appendix (Docket No. 29), and Appendix (Docket No 30).[2]

---

[2] All of these submissions together total 599 pages.  Most of these submissions are
irrelevant to the claims raised in his Petition and chronicle grievances Petitioner has with

In addition to his Petition and the aforementioned documents, Petitioner has also filed numerous motions, including Petitioner's Motion for Preliminary Injunction (Docket No. 9), Motion for Leave to File Amended Complaint (Docket No. 10), Motion to Appoint Counsel (Docket No. 11), and Motion Request for 30 Day Extension (Docket No. 25).[3] The motions will be addressed individually within this report and recommendation.

This Court has reviewed all of Petitioner's submissions. As his quoted grounds for relief demonstrate, Petitioner's submissions are difficult to comprehend. This Court is mindful that "district courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief." *Frey v. Schuetzle*, 78 F.3d 359, 360-61 (8th Cir. 1996). Therefore, consistent with the Rules Governing Section 2254 Cases in the United States District Courts, this Court will only consider Petitioner's claims for habeas relief identified in his Petition (Docket No. 1) and Motion for Leave to File Amended Complaint (Docket No. 10).[4] *See* R. Governing § 2254 Cases, at Rule 2 (stating the

---

the Minnesota Department of Corrections, numerous legal aid organizations, other governmental agencies, and private companies.

[3] Within his filings, Petitioner notes that he was previously convicted of being an ineligible person in possession of a firearm. *See generally State v. James*, 638 N.W.2d 205 (Minn. App. 2002), *rev. denied* (Mar. 27, 2002). Petitioner also filed a copy of his Minnesota Department of Public Safety Bureau of Criminal Apprehension Computerized Criminal History. *See* Docket No. 30-2.

[4] Respondent has identified the following issues in the petition: "(1) Prosecutorial Misconduct, (2) District Court's Erroneous Impeachment, (3) No-Adverse-Inference Instruction Denied, (4) Ineffective Assistance of Trial and Appellate Counsel, (5)

petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); *see also* 28 U.S.C. § 2242 (stating that a petition for a writ of habeas corpus must "allege the facts concerning the applicant's commitment or detention"); *Frey*, 78 F.3d at 360 (holding that courts "will not consider issues or grounds for relief that were not alleged in a prisoner's habeas petition").   This Court will give those claims liberal construction.   *Frey*, 78 F.3d at 361. For all submissions that are not motions or solely pertaining to motions, this Court has attempted to refer and incorporate them where they are relevant.

### B.    State Court Proceedings

The Minnesota Court of Appeals briefly summarized the facts in Petitioner's case as follows:

> Evidence at trial established that [Petitioner], who was 43-years old at the time of the offense, engaged in sexual contact with a six-year-old boy, touching the boy's "private parts" as the boy struggled to perform push-ups that [Petitioner] had challenged him to perform; that [Petitioner] gave the child money and asked him to accompany [Petitioner] to a store; and that [Petitioner] later, but before the child had reported the inappropriate touching, tried to give the child more money in the presence of the child's father, insisting that the child had earned the money.

*State v. James*, No. A09-1275, 2010 WL 2899115, at *1 (Minn. App. July 27, 2010), *rev. denied* (Oct. 19, 2010).

---

Confrontation Clause, (6) CornerHouse Wouldn't Provide Requested Evidentiary Information, (7) Denied Probable Cause Hearing, and (8) Conflict of Interest – Prejudicial Intent." Resp.'s Mem. at 3, Jan. 27, 2012 (Docket No. 19).

Petitioner appealed his conviction to the Minnesota Court of Appeals, asserting four issues for review:

1. The prosecutor committed prejudicial misconduct by shifting the burden of proof and improperly alluding to [Petitioner's] right not to testify, inflaming the jury's passion and sympathy, and impinging upon the district court's duty to instruct the jury on the law.[5]

2. The district court committed prejudicial error in ruling that the State could impeach [Petitioner] with prior felon-in-possession conviction if [Petitioner] testified at trial where the probative value of the prior conviction did not outweigh its prejudice.

3. The district court committed prejudicial error when it instructed the jury on [Petitioner's] right not to testify after the court failed to explain the instruction's significance to [Petitioner] and failed to get his personal permission on the record to give the instruction.

---

[5] The Minnesota Court of Appeals summarized the actions of the prosecutor and Petitioner's objections as follows:

During closing argument, the prosecutor posed five unobjected-to questions asking "why" someone would do the things that [Petitioner] was alleged to have done that supported an inference that he engaged in sexual contact with the child. [Petitioner] argues that the questions constitute misconduct because they drew attention to his failure to testify and shifted the burden to him to prove his innocence. [Petitioner] also argues that the prosecutor's repeated references to the innocence of the child constituted misconduct designed to inflame the jury's passion and sympathy. [Petitioner] additionally argues that the prosecutor impinged on the district court's duty to instruct the jury by making three statements that all that was needed to find [Petitioner] guilty was for the jury to believe the child's testimony, erroneously implying that a victim's testimony never needs corroboration.

*James*, 2010 WL 2899115, at *1.

4. The cumulative effect of the prosecutorial misconduct and the district court's erroneous impeachment ruling and no-adverse-inference instruction denied [Petitioner] a fair trial.

Appellate. Br., at i-ii, Feb. 1, 2010 (Docket No. 20).

As to his first appellate argument, Petitioner cited the Fifth and Fourteenth Amendments of the United States Constitution, as well as the Minnesota Constitution, as the bases for his right to due process. *Id.* at 13. As to his third appellate argument, Petitioner cited the Fifth Amendment of the United States Constitution, as well as the Minnesota Constitution, as the bases for his right against compelled self-incrimination, *id.* at 34; Petitioner also cited *Wilson v. United States*, 149 U.S. 60, 65-66 (1893), for the proposition that an "entirely innocent defendant may prejudice his case by testifying at trial," *id.* at 34; and, finally, Petitioner cited *Lakeside v. Oregon*, 435 U.S. 333, 344 (1978), and *United States v. Davis*, 437 F.2d 928, 933 (7th Cir. 1971), for the proposition that "[a] defendant's silence at his trial is almost certain to prejudice the defense no matter what else happens in the courtroom." *Id.* at 34-35 (quotation omitted). Petitioner cited state statutes and case law to support all other issues raised in his appellate brief.

On July 27, 2010, relying on state statutes and case precedent, the Minnesota Court of Appeals held that (1) "the prosecutor did not commit misconduct that affected [Petitioner]'s substantial rights," *id.* at *1-6; (2) "the district court did not abuse its discretion by ruling that [Petitioner] could be impeached by a prior conviction," *id.* at *6-8; (3) "[t]he no-adverse-inference jury instruction did not affect [Petitioner's] substantial

rights," *id.* at *8-10; and (4) "[Petitioner's] cumulative-error argument is without merit."

*James*, 2010 WL 2899115, at *10.

In addition to those issues raised by counsel, Petitioner filed a *pro se* supplemental

brief with the Minnesota Court of Appeals, arguing

> (1) ineffective assistance of trial counsel; (2) absence of a
> probable-cause hearing; (3) inconsistent testimony about what
> clothes he was wearing at the time of the incident and the fact
> that those clothes were not returned to him; (4) the failure of
> CornerHouse to provide the child's records upon
> [Petitioner's] request and lack of opportunity to cross-
> examine a person who called the CornerHouse interviewer
> during the child's interview; and (5) the failure of the
> prosecutor to disclose information.

*Id.* at *10. In support of his ineffective assistance of trial counsel argument, Petitioner

cited the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, (1984). Appendix, at 62-63

(Docket No. 20). The Minnesota Court of Appeals held, "primarily based on

[Petitioner's] failure to adequately brief these issues and the lack of support in the record

for several of the assertions, that the [pro se] issues have been waived on appeal, are

unsupported by the record and/or would not entitle [Petitioner] to relief on appeal."

*James*, 2010 WL 2899115, at *10.

Petitioner filed a petition for review with the Minnesota Supreme Court.

Petitioner requested review on all issues raised in both his direct and supplemental

appellate briefs. Petitioner cited no federal authorities in support of his petition for

review. On October 19, 2010, the Minnesota Supreme Court denied his petition.

In March 2011, Petitioner filed in state court a "Notice of Motion Requesting to file a Petition for Postconviction pursuant to Minn. Statute § 590.01," dated March 3, 2011. *See* Docket No. 13-1, at 24-25; *see also* Appendix, at 175 (Docket No. 20). This "Notice of Motion" does not reference the substantive grounds of Petitioner's intended motion.

Petitioner filed the present Petition under 28 U.S.C. § 2254 on November 14, 2011. Respondent opposes the Petition.

## III.   ANALYSIS

### A.   Motion for Preliminary Injunction (Docket No. 9)

This Court recommends that Petitioner's Motion for Preliminary Injunction (Docket No. 9) be denied. Petitioner's motion seeks prospective relief in the form of a "temporary restraining order" against Hennepin County employees, "Sgt. Shanblott" and "D. Christainson Duty," "if [his] body is requested on writ in Hennepin County." *Id.* This is not relief that can be granted under 28 U.S.C. § 2254. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.").

### B.   Motion for Leave to File Amended Complaint (Docket No. 10)

Petitioner moves to amend his Petition to include information about a prior conviction from 1996, *see State v. James*, Case No. 62-KO-96-1529 (Ramsey County,

Minn. May 7, 1996), and asks the Court to review the merits of his 1996 conviction in conjunction with the current Petition. This Court recommends that Petitioner's Motion for Leave to File Amended Complaint (Docket No. 10) be denied.

The petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Petitioner may amend his petition "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Petitioner asks this Court to review this prior conviction because it impacted his sentencing on his 2010 conviction. This Court cannot review the substance of his 1996 conviction because it is outside of the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). Moreover, the impact of a prior conviction on sentencing is an issue of state law and, therefore, cannot be considered on habeas corpus review. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (noting that a challenge to the application of the Minnesota Sentencing Guidelines is a state law claim and barred from federal habeas corpus review). Therefore, Petitioner's Motion for Leave to File Amended Complaint should be denied because the amendments would be futile.

### C.     Motion to Appoint Counsel (Docket No. 11)

Petitioner brings a Motion to Appoint Counsel (Docket No. 11), arguing that counsel should be appointed because (1) he is unable to afford counsel; (2) "the issues involved in this case are complex"; (3) he has limited access to the law library; (4) no legal assistance agencies have been willing to represent him; (5) he has limited

knowledge of the law; (6) he has only a high school education; and (7) he is learning disabled and currently on three psychotropic medications. This Court recommends that Petitioner's Motion to Appoint Counsel (Docket No. 11) be denied.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). When considering a motion to appoint counsel in a habeas matter, the court considers "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *Id.* at 756.

The factual and legal issues in this matter are not so complex or numerous that the appointment of counsel would benefit Petitioner or the Court.  Furthermore, his numerous filings demonstrate his ability to prosecute his claims and communicate with the Court and Respondents. Therefore, this Court concludes that Petitioner is capable of self-representation in this matter.

### D.     Motion Request for 30 Day Extension (Docket No. 25)

The Response to the Petition was filed on January 27, 2012. Pursuant to this Court's Order, dated November 29, 2011, Petitioner had 30 days from the date of the Response to submit his Reply, if any. *See* Docket No. 5. On February 23, 2012, Petitioner filed Motion Request for 30 Day Extension to file his Reply. Respondent did not object. Petitioner subsequently filed Petitioner Traverse Answer to Respondent State Petition for

Dismissal Habeas Corpus Writ (Docket No. 27). This Court has considered Petitioner's reply and, therefore, his motion should be denied as moot.

### E.     Petition for Writ of Habeas Corpus (Docket No. 1)

Habeas relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas review is limited to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

A federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). Section 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U. S. C. § 2254(c). "A district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982).

Respondent opposes the Petition, arguing that it must be dismissed because it contains exhausted and unexhausted claims. Specifically, Respondent contends that Petitioner has not exhausted his ineffective assistance of appellate counsel claim.[6]  In the alternative, Respondent argues that the Petition must be denied because Petitioner has not demonstrated that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

For the reasons set forth below, this Court recommends that the Petition be dismissed without prejudice as a mixed petition to permit Petitioner to exhaust all of his claims prior to bringing a petition under § 2254.   Because the Court recommends dismissal on these grounds this Court does not reach Respondent's remaining arguments.

### 1.    Ineffective Assistance of Appellate Counsel Claim

The United States Supreme Court has explained the exhaustion doctrine as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).  "[O]rdinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read

---

[6] Respondent also contends that Petitioner failed to exhaust his "Conflict of Interest – Prejudicial Intent" claim.  This Court does not recognize Petitioner's contention of "Conflict of Interest – Prejudicial Intent" to be a claim for habeas corpus relief. Therefore, this Court has not considered it.

beyond a petition or a brief (or a similar document) that does not alert it to the presence

of a federal claim, in order to find material, such as a lower court opinion in the case, that

does so." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004); *see  Cox v.*

*Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (holding that claim must be "fairly

presented" in state court by reference to "a specific federal constitutional right, particular

constitutional provision, a federal constitutional case, or a state case raising a pertinent

federal constitutional issue").   "Therefore, a prisoner must fairly present his federal

constitutional claims to the highest available state court, (in Minnesota, the Minnesota

Supreme Court), before seeking relief in federal court." *Fraction v. Minnesota*, 678 F.

Supp. 2d 908, 916 (D. Minn. 2008).

The Due Process Clause of the Fourteenth Amendment guarantees a criminal

defendant the right to effective assistance of counsel on appeal.  *Bell v. Lockhart*, 795

F.2d 655, 657 (8th Cir. 1986) (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 836-

37 (1985)).   Petitioner contends that he was denied effective assistance of appellate

counsel. This claim is referenced throughout Petitioner's filings in this matter. *See, e.g.*,

Appendix, at 23-26 (Docket No. 2); "Petitioner Traverse Answer to Respondent State

Petition for dismissal Habeas Corpus Writ", at 2 and 8 (Docket No. 27).   Nevertheless,

this claim was not presented to the Minnesota appellate courts on Petitioner's direct

appeal and it was not raised any postconviction proceedings.[7] Thus, Petitioner has failed

---

[7]  Petitioner's filings include a letter to the Minnesota Justice Foundation, dated
July 24, 2011, wherein Petitioner requests "a pro bono criminal defense attorney who
knows how to file [a] writ of habeas corpus or – post-conviction." Docket No. 13-3, at
18.  Petitioner further states in the letter that he wants to raise the issue of "ineffective

to exhaust his ineffective assistance of appellate counsel claim. *See McKinnon v. Lockhart*, 921 F.2d 830, 832 (8th Cir. 1990) (stating that prior to asserting an ineffective assistance of appellate counsel, the petitioner must have independently presented the claim in a state court proceeding).

### 2. Ground 1: Prosecutorial Misconduct

"Ground 1" consists of two claims that seem to be grounded in prosecutorial misconduct. Petitioner contends that he was not provided copies of statements made by the victim's father and was not provided information about "who Telephoned & Requested That interview be stopped." Petitioner raised substantially similar prosecutorial misconduct claims in his *pro se* supplemental brief to the Minnesota Court of Appeals, and these issues were, in turn, presented to the Minnesota Supreme Court. Therefore, Petitioner exhausted these claims.

### 3. Ground 2: Ineffective Assistance of Trial Counsel

"Ground 2" consists of two claims of ineffective assistance of trial counsel. Petitioner contends that his trial counsel failed to timely inform the trial court about his mental condition before the incident and failed to call as a witness the investigator who performed at least one interview in the case. While Petitioner raised numerous ineffective assistance of trial counsel claims in his *pro se* supplemental brief to the Minnesota Court

---

assistance of jury trial attorney . . . & ineffective assistance of – appeallate (sic) counselor." *Id.* The record contains a responsive letter from the Minnesota Justice Foundation, dated August 1, 2011, which states that the Minnesota Justice Foundation "is unable to provide [Petitioner] with any direct legal services." *Id.* at 17.

of Appeals, none of these claims pertain to his mental condition before the incident or his trial counsel's failure to call the investigator as a witness. Likewise, Petitioner did not present these claims to the Minnesota Supreme Court. Therefore, Petitioner did not exhaust his ineffective assistance of trial counsel claims.

### 4.    Ground 3: No-Adverse Inference Instruction

"Ground 3" consists of two arguments. The first claim—concerning the district court's failure to make a record prior giving a no-adverse inference instruction—mirrors the argument made in both his appellate brief and in his *pro se* supplemental appellate brief. Thus, the first claim under Ground 3 was exhausted. The second claim is that the "[a]llege[d] victim's testimony was inconsistent."[8] This second claim is not found in Petitioner's appellate filings; therefore, the second claim was not exhausted.

### 5.    Ground 4: Confrontation Clause

"Ground 4" consists of a claim that Petitioner's rights under the Confrontation clause were violated when he was not permitted the opportunity to cross examine the individual who referred the victim to CornerHouse to be interviewed. Petitioner raised his Confrontation clause claim in his *pro se* supplemental brief to the Minnesota Court of Appeals, and this claim was raised to the Minnesota Supreme Court. Therefore, Petitioner exhausted this claim.

---

[8] This Court construes this to be a sufficiency of evidence claim. *Cf. State v. Hearn*, 647 N.W.2d 27, 30 (Minn. App. 2002) (analyzing an inconsistent testimony claim under the sufficiency-of-evidence analysis on direct appeal).

### 6.    Procedural Default of Claims

This Court concluded that three claims were not exhausted: ineffective assistance of appellate counsel, ineffective assistance of trial counsel, and "[a]llege[d] victim's testimony was inconsistent."  For the reasons set forth below, this Court concludes that Petitioner's ineffective assistance of trial counsel and victim's testimony contentions are procedurally defaulted.

When a petitioner has failed fairly to present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow a hearing on the merits in a state court proceeding. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).  If the state's procedural rules would preclude a hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or fundamental miscarriage of justice, can be demonstrated.  *Id.* at 758.  A claim that is procedurally defaulted under state law is barred from federal habeas review only if the state procedural rule is "firmly established" and "regularly followed." *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995).

The Minnesota Supreme Court has held "that a defendant who wishes to raise an ineffective assistance of appellate counsel claim need not do so in the very appeal where counsel is representing the defendant, but instead may raise that claim in the next postconviction petition."  *Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006) (citing *Robinson v. State*, 567 N.W.2d 491, 496 (Minn. 1997)). The statute of limitations for bringing a postconviction petition in Minnesota is generally two years. *See* Minn. Stat. § 590.01, subd. 4. The Minnesota Court of Appeals affirmed Petitioner's conviction on July

27, 2010, and the Minnesota Supreme Court denied his petition for review on October 19, 2010.  Therefore, Petitioner has is not procedurally barred from pursuing his ineffective assistance of appellate counsel claim in postconviction proceedings.

Conversely, Petitioner's ineffective assistance of trial counsel and victim's testimony contentions are procedurally defaulted.  Under Minnesota's *Knaffla* doctrine, "[o]nce a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief."  *Cooper v. State*, 745 N.W.2d 188, 190 (Minn. 2008) (quoting *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)).  The only exceptions to the *Knaffla* doctrine are when the claims raised "are so novel that the legal basis was not reasonably available on direct appeal or if fairness requires that we review them and the petitioner did not deliberately and inexcusably fail to raise them on direct appeal."  *Id.* at 191.  The *Knaffla* doctrine is firmly established.  It has been in place for over 30 years and is codified in Minn. Stat. § 590.01, subd. 1.  *See* 9 MINN. PRAC., CRIMINAL LAW AND PROCEDURE § 39.1 (3rd ed.) (stating that the *Knaffla* doctrine is "frequently and strictly applied to deny relief in postconviction proceedings").  Nothing in Petitioner's ineffective assistance of trial counsel and the victim's testimony contentions suggest that they were not known to him at the time of his direct petition.  Therefore, this Court concludes that they are procedurally defaulted.

### 7.    Dismissal without Prejudice

The United States Supreme Court has held: "A district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.   While the Eighth Circuit Court of Appeals has recognized several exceptions to this general rule,[9] none of those exceptions are applicable in the present case.  *Victor v. Hopkins*, 90 F.3d 276, 280 n.2 (8th Cir. 1996). Given that the Petitioner has presented a mixed petition containing exhausted and unexhausted claims, this Court recommends that the Petition be summarily dismissed without prejudice to permit Petitioner the opportunity to exhaust his ineffective assistance of appellate counsel claim. Petitioner may avoid summary dismissal by filing an amended habeas corpus petition listing only his fully exhausted claims enumerate above.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11 Governing Section 2254 Cases in the United States District Court requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability cannot be granted, unless the

---

[9] The exceptions are as follows: First, "a district court may consider mixed petitions when the unexhausted claims do not state claims for relief based on federal constitutional rights and thus are not cognizable under 28 U.S.C. § 2254." *Victor*, 90 F.3d at 280 n.2.  Second, a district court may "dismiss a petition with prejudice, rather than dismissing without prejudice to later refiling, when the court conclude[s] that the claims made in the petition were frivolous." *Id.* Third, a district court can "consider the merits of an unexhausted claim when the exhaustion requirement has been waived by the state." *Id.* at 276. Finally, a district court can consider the merits of a federal habeas claim if a petitioner has "no available nonfutile state post-conviction remedy." *Duvall v. Purkett*, 15 F.3d 745, 747 (8th Cir. 1994); *see also Victor*, 90 F.3d at 280 n.2 (citing *Duvall*, 15 F.3d at 746).

petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). Petitioner has failed to make such a substantial showing.  Therefore, with respect to the issues address in this report and recommendation, this Court recommends that the certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3) be denied.

## V.    RECOMMENDATION

Based upon the record and memoranda, **IT IS HEREBY RECOMMENDED** as follows:

1. Petition for Writ of Habeas Corpus (Docket No. 1) be **SUMMARILY DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only his fully exhausted claims.

2. Petitioner's Motion for Preliminary Injunction (Docket No. 9) be **DENIED**;

3. Motion for Leave to File Amended Complaint (Docket No. 10) be **DENIED**;

4. Motion to Appoint Counsel (Docket No. 11) be **DENIED**;

[Continued on next page.]

5.   Motion Request for 30 Day Extension (Docket No. 25) be **DENIED AS MOOT**;

6.   No certificate of appealability be **DENIED**.

Dated: June 14, 2012

*s/ Tony N. Leung*
Magistrate Judge Tony N. Leung
United States District Court
for the District of Minnesota

CIVIL NO. 11-3372 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.   This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.   Written objections must be filed with the Court before **June 29, 2012**.